# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **LAVONTA LaQUES BLANCH** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-cv-01021 |
| | ) Judge Trauger |
| **JAMES COTHRON, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Lavonta Blanch, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 4).

The case is before the court for consideration of the plaintiff's IFP application and initial review of his pleadings pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application and supporting documents that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 4) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at

the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility where the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Allegations and Claims**

The plaintiff sues Detectives Cothron and Shelton, both of whom he alleges are employed by the "Mount Juliet Police Department/Wilson County Sheriff's Office." (Doc. No. 1 at 2.) He also names the Mount Juliet Police Department (MJPD) and Wilson County Sheriff's Office (WCSO) as defendants. (*Id.* at 1, 3.) His allegations against these defendants are as follows:

> To sum it up, Detective James Cothron an[d] Detective Shelton of Mt. Juliet Police Department/Wilson County Sheriff's Office lied on Cordarius Smith's Motion of Discovery an[d] said I said something that I never said. If you listen to every interrogation from 2018–2019 you will clearly see I've never said anything close

> to what they said I said on his Motion of Discovery. Every interrogation is videoed an[d] recorded so all we have to do is compare what I said in the interrogations to what they say I said on Cordarius's Motion an[d] we will see that they clearly lied on my name. Also Jan. 2020 Detective McLaughlin came to interrogate me at Bledsoe County Corrections an[d] stated on video an[d] recording that he never heard me say the things that they said I said. He has listened to every interrogation I've had an[d] we can subpoena him as a witness.

(*Id.* at 2.)

As relief, the plaintiff asks the court "to help me reach some type of agreement/settlement/demand for all the mental, physical anguish that I've been put thru due to people around me thinking that I've turned informant." (*Id.* at 3.)

**C. Analysis**

The court must dismiss this action for failure to state any viable claim. The plaintiff seeks relief under 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The plaintiff claims that, by falsely attributing a statement to him in their response to another inmate's discovery motion, the defendant police detectives exposed him to "mental [and] physical anguish" stemming from other inmates' belief that he was a police informant. The plaintiff does not allege that he was physically assaulted on the mistaken belief that he was an informant, either in the Wilson County Jail or any state facility. He reports that he was transferred

from the Wilson County Jail to the state penitentiary prior to filing the complaint. (*See* Doc. No. 1 at 2.)

Liberally construing the complaint to assert that the defendant officers, in making false statements about the plaintiff, were deliberately indifferent to his safety in violation of the Eighth Amendment, such a claim may only proceed if the plaintiff has alleged facts demonstrating that he faced a substantial risk of serious harm and that the defendants both knew of and disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). While courts have recognized that deliberate indifference to safety may be plausibly claimed where a prison guard referred to an inmate as an informant or "snitch" in the presence of other inmates and the inmate so labelled was subsequently assaulted, *see Campbell v. Gardiner*, No. 12-CV-6003P, 2014 WL 906160, at *4 (W.D.N.Y. Mar. 7, 2014) (collecting cases), such circumstances are not alleged in the case before this court, which appears to involve a written statement (the content of which is not revealed in the complaint) made by police detectives during discovery on another inmate's case, that caused the plaintiff to suffer "anguish" when word of its revelation spread. The complaint thus fails to allege a colorable constitutional claim as required to proceed under Section 1983. *Cf. id.* (finding that Eighth Amendment claim based on guard's statement in front of other inmates that plaintiff had snitched on a co-defendant, which did not lead to attack upon or injury to plaintiff but only "put his safety at risk," was subject to dismissal as conclusory and insufficient to support Section 1983 liability).

In the absence of any plausibly claimed constitutional violation, the plaintiff's allegation that the defendants' written statement made the "people around [him] think[ ] that [he had] turned informant" (Doc. No. 1 at 3) at best asserts a claim for defamation which, "[u]nless coupled with an averment that the purportedly defamatory communication also prevented plaintiff's enjoyment

5

or exercise of a right or interest of a constitutional magnitude, . . . is insufficient to give rise to a cause of action under 42 U.S.C. § 1983." *Burden v. Pollack*, 821 F.2d 649 (Table), 1987 WL 37772 (6th Cir. June 23, 1987) (affirming dismissal of claim for defamation without allegation of "additional constitutional deprivation") (citing, *e.g.*, *Paul v. Davis*, 424 U.S. 693 (1976)); *see also Woodring v. Hart*, No. 6:14-CV-1067-ORL-37, 2014 WL 6674450, at *2 (M.D. Fla. Nov. 24, 2014) (finding that "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action") (citing *Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir. 2009)).

Finally, any claim against MJPD and WCSO must be dismissed because these entities are not "persons" that can be sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit").

For these reasons, the plaintiff fails to state a claim upon which relief may be granted under Section 1983, and this action will therefore be dismissed without prejudice to the plaintiff's ability to pursue appropriate relief under state law.

### III. Conclusion

In light of the foregoing, the plaintiff's application to proceed IFP (Doc. No. 4) is **GRANTED**, and the $350 filing fee is **ASSESSED** in accordance with this order.

As described above, the court finds that the complaint fails to state a claim upon which relief can be granted. This action is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to the plaintiff's ability to pursue appropriate relief under

state law. The court **CERTIFIES** that any appeal from this order would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge